## Case No. 4,882.

FLORENCE MANUF'G CO. v. BOSTON DIATITE CO.

[1 Ban. & A. 396; 1 Holmes. 415; 6 O. G. 728.]

Circuit Court, D. Massachusetts. Sept. 3, 1874.

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

E. W. Bond, for complainant.

T. W. Clarke, for defendant.

SHEPLEY, Circuit Judge. This suit is founded on the letters-patent granted to Dudley & Clark, assignees of W. U. Dudley, July 27, 1869. for an improved hand-mirror. The mirror was constructed by first using a base-piece of wood or other suitable material, preferably of similar contour to the glass designed to be mounted on it. and elongated at one end, with a strip of metal or other stout material at its back to form a stiffener for the handle of the mirror. The base-piece, with its handle extension or stiffener, is laid face downward on a mould, and a composition of any suitable plastic material, in sufficient quantity to cover the back and extend beyond the edges of the base-piece and surround the handle-stiffener, is applied; then an upper mould of suitable configuration, and with its interior embellished with any ornamental devices, is pressed down on the plastic composition, thus making a smooth finished ornamental outer back and handle. The advantages claimed for his new manufacture by the patentee are, that the handle and back of the mirror are "smooth finished, and may be highly ornamental. impervious to damp, exempt from warping, with its consequent liability of fracturing the glass, and preservative of the wooden or other base-piece, which may be of a cheap and rough construction; and that by its end extension, with strengthening-strip at the back. gives not only a general stability to the whole article, but especially stiffens the handle at its junction with the back or body, where it is naturally weakest or most liable to break."

The claim is: "As a new article of manufacture, a hand or portable toilet-mirror, constructed, substantially as described, of a base-piece, B, with its handle-extension piece or stiffener. C. glass, A, and outer back and handle, D, made of any suitable composition or cement, substantially as specified."

Defendant made hand-mirrors, in other respects like those described in the Dudley patent, but having no "wooden or other base-piece of suitable material" behind the "glass

designed to be mounted on it," and having no extension from such base-piece into the handle. In the smallest and weakest part of the handle two nails of iron were embedded in the plastic compositions, which formed the entire frame and handle of the mirror; but they did not extend behind the mirror, or form any base or support for the glass or the frame behind or around it.

This is clearly no infringement of the Dudley patent. The practice of moulding a plastic material around a skeleton, or partial skeleton, of a material of greater rigidity is as old as any thing known in the arts, was practised by the Assyrians in moulding bronze, and has been in common use to the present day. Hand-mirrors date back to an equally remote antiquity. Hand-mirror frames, moulded from a plastic composition of papier-maché and other plastic compounds, were well known before the date of Dudley's invention. Frames for pictures and photographs of a plastic composition of shellac and other substances, moulded and ornamented, were well known and described in Merrick's patent of Dec. 16, 1868, for his new composition of matter. The patentable matter in Dudley's patent must, therefore, be found, if found anywhere, in his new composition of a base-piece, with its extension or handle stiffener, with the other elements in his combination. Without such combination there would have been no new article of manufacture. It is not every new article put upon sale in the market which is a new article of manufacture. If one were to substitute a Claude Lorraine glass for the plate with its stiffened back in the Dudley hand-mirror, it would be a new article of commerce, but not a new manufacture.

In the case of Clark v. Scott [Case No. 2,833], Judge Blatchford held that hand-mirrors made of cement, applied in a plastic state and afterward hardened, and having embedded in the cement, and concealed from view, two flat wires or strengtheners, made of metal, which run from the body of the mirror part through the neck and into the handle, and which serve to strengthen and stiffen the article, particularly at the junction of the handle with the body, were infringements of the Dudley patent. But this was upon the ground that he found in those mirrors the base-piece, the handle-extension piece or stiffener, the glass and outer back and handle of cement. He says, "The defendant's wires act as a base-piece or support for the glass, and the wires extend through the neck and in the handle as stiffeners." But in defendant's mirrors there is no base-piece or support for the glass, and no substitute or equivalent therefor. He makes a hand-mirror with a moulded frame of plastic compound, and he re-enforces or strengthens the handle with metallic rods. There was nothing new in this before the date of the Dudley patent. Bill dismissed.